# In Re: C.C.C.

*Michael J. McDonald,* for petitioner.
*Frank J. Bolock,* for respondent.

PENETAR, *J.,* October 3, 1980—M.S.H., formerly M.C., and natural mother of C.C.C., filed a petition for the involuntary termination of the parental rights of P.F.C., natural father, in and to said minor child, C.C.C. The grounds for said termination are that respondent, P.F.C., has, by his conduct for a period in excess of six months, evidenced a settled purpose of relinquishing his parental claim to the above minor child, and has refused and failed to perform his parental duties toward said child. The petition was filed June 20, 1980.

An answer and new matter was duly filed by respondent denying the grounds alleged by petitioner and further stating that the petition contains no averment that adoption proceedings with respect to the child are contemplated and thus is violative of the legislative intent of the Adoption Act of 1970, 1 P.S. §101 et seq. On July 28, 1980, the date scheduled for hearing, respondent moved to dismiss the

petition based on the new matter allegations. Briefs were filed by both parties.

The undisputed facts are that petitioner and respondent were married on June 29, 1980; the child, C.C.C., was born on December 10, 1968; petitioner and respondent were divorced on April 22, 1971; petitioner has not remarried and has had exclusive custody of child since January, 1969.

Petitioner does not contemplate any adoption of said child but offers the argument that by terminating the rights of the natural father, a new parent-child relationship is created between her and their child without the contemplation of adoption by anyone else. With this argument we cannot agree.

The Adoption Act was not intended to provide a proceeding for a parent to adopt his natural, legitimate child nor provide a procedure for termination of their parental rights. Adoption is not a common law act; it depends altogether on the statute, and being in derogation of the common law, it has been strictly construed in order to carry out the legislative intention. Fisher v. Robison 329 Pa. 305, 198 Atl. 81, (1938).

Article III of the present Adoption Act of 1970 is entitled "Proceedings Prior to Petition to Adopt." Section 302 of said Article III entitled "Relinquishment to Adult Intending to Adopt," and Section 312 entitled "Petition for Involuntary Termination" indicate petitioners filing a report of intention to adopt required by Section 331 and said petition is to contain an averment that petitioner will assume custody of the child until such time as the child is adopted. The Pennsylvania Joint State Government Commission expressed the intention of Section 302 in the following comment: "This section which has no counterpart in the 1925 Act, should reduce the uncertainties in private placements during the six-month

waiting period required by Section 501, infra," The purpose of the relinquishment proceeding was to allay the anxiety of adopting parents during the six-month waiting period.

In Fisher v. Robison, supra, the court defined adoption as " . . . taking the child of another in the manner provided by, and with the consequences specified in, the statute."

The act manifests an intent that it apply only to cases where the adoptee is not the natural child of petitioner. If the proposed adoptee is a legitimate child of petitioner, it cannot acquire a new status with respect to the adopting parent and cannot be engrafted upon the family tree of the proposed adopting parent. Schwab Adoption, 355 Pa. 534 50 A.2d 504 (1946). In Pennsylvania, a valid adoption severs the child from its natural family tree.

The court finds no violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Agencies as well as those involved in private placements must contemplate adoption. It is true that when a child is in custody of an approved adoption agency it is not necessary that adoption be imminent before agency may petition to have parent's rights terminated. But the legislative plan facilitates adoption because it allows agencies to proceed with termination petitions when grounds exist, without the necessity of involving prospective adoptive parents in termination proceedings. The requisite purpose of terminating parental rights is to free child for adoption. Agencies contemplate eventual adoption without being restrained in its ability to find a suitable home for the child. In re Burns, 474 Pa. 615, 379 A.2d 535, (1977).

Statutes should not be interpreted in a manner which makes them unconstitutional as the legisla-

ture is presumed to have intended its enactments to meet constitutional requirements.

Petitioner is not disadvantaged by the law. None of her rights have been infringed upon. The conditions laid out in the Adoption Act are justified by appropriate state interest which bears real and substantial relationship to furthering governmental ends. Equal protection guarantees do not require the state to treat all persons identically. It seeks to ensure equality of right by forbidding arbitrary discrimination between persons similarly situated.

## ORDER

And now, this October 3, 1980, for the reasons set forth in the foregoing opinion, it is ordered and decreed that the petition be dismissed.

This order shall become final and absolute unless exceptions are filed within 20 days from the date hereof.